DEV DAS (SBN 320712)
**THE DAS FIRM, APC.**
644 S. Figueroa Street
Los Angeles, CA 90017
Telephone: (248) 943-4828
Email: dev@thedasfirm.com

Attorneys for Plaintiff, OLMO ZUCCA and JACKSON LOMASTRO

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OLMO ZUCCA and JACKSON LOMASTRO,<br><br>Plaintiffs,<br><br>v.<br><br>SAMUEL AWUKU, professionally known as SAMMY SOSO, an individual | ) Case No. 2:25-cv-06807-CV-SSC<br>)<br>)<br>) **JOINT RULE 26(f) REPORT**<br>)<br>) **Hearing Date:** June 5, 2026<br>)<br>) **Time:** 1:30 p.m<br>)<br>) **Dept:** 10B<br>)<br>) Hon. Cynthia Valenzuela<br>) |

JOINT RULE 26(f) REPORT

## Introduction

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16-1.2 of the Central District of California, counsel for Plaintiffs Olmo Zucca and Jackson Lomastro and counsel for Defendant Samuel Awuku[1] hereby submit this Joint Rule 26(f) Report.

## Statement of the Case

### A. Plaintiffs' Statement

This action arises from Mr. Awuku's unauthorized use, exploitation, and failure to properly account for Plaintiffs' contriubtions for the song, "Water", performed by South Afican singer, Tyla Seethal, and released by Sony Music Entertainment via Epic Records in 2023. As of the filing of Plaintiff's Complaint, the song generated over one billion downloads on Spotify and over 350 million views on YouTube. Plaintiffs are two of the song's co-composers and co-authors and are accordingly entitled to royalty fees and top-line producer credits.

Plaintiffs assert the following causes of action: (1) Declaratory Judgment, (2) Accounting, (3) Constructive Trust, (4) Unjust Enrichment/Quasi Contract, (5) Quantum Meruit, (6) Breach of Implied Contract, (7) Breach of Implied Covenant of Good Faith and Fair Dealing, (8) Fraudulent Concealment, (9) Fraudulent Inducement to Contract, and (10) Rescission. Plaintiffs seek restitution, a full accounting of all royalties and revenues, and damages according to proof at trial.

### B. Defendant's Statement

Defendant Samuel Awuku denies Plaintiffs' allegations in their entirety. Defendant denies any fraudulent conduct, breach of contract, or unjust enrichment, and maintains that Plaintiffs have been properly compensated pursuant to all

---

[1] Defendant reserves his rights to challenge the Court's personal jurisdiction over him. See Dkt. No. 21 ¶ 19-20.

applicable agreements, licenses, and music industry standards. Defendant asserts that Plaintiffs are not entitled to the declaratory or monetary relief sought.[2]

### Subject Matter Jurisdiction

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (Diversity of Citizenship), as the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states or foreign states.

### Legal Issues

The primary legal and factual issues to be resolved in this litigation include, though are not limited to:

- Whether Defendant engaged in fraudulent concealment or fraudulently induced Plaintiffs into executing any operational agreements regarding the exploitation of the subject musical works.
- Defendant's unauthorized exploitation of the song, "Water" (the "Song"), without just compensation to Plaintiffs for their contributions as top-line producers.
- Whether an implied contract existed between the parties, and whether Defendant breached the implied covenant of good faith and fair dealing.
- The proper calculation of damages, quantum meruit, and the accurate accounting of global royalties generated by the subject musical compositions.
- Whether Plaintiffs are entitled to equitable remedies, including rescission or the imposition of a constructive trust over revenues and royalties.
- Whether the Court lacks personal jurisdiction over Defendant.
- Whether the written agreement and/or other writings related to Plaintiffs and the Song bar this action.

---

[2] Plaintiff apologizes to the Court and Defense Counsel for the late submission of the Report. Due to some internal miscommunications and clerical errors, Plaintiff circulated initially incorrect versions of the Report to Defendants, which delayed Defendants from including their language in the final submission.

- Whether Plaintiffs' actions support defenses of waiver, acquiescence, or estoppel.
- Whether Plaintiffs were paid the amount due under the terms of the contract (whether written or otherwise) for the Song, if any, was paid or tendered.

## Parties and Evidence

### Current Parties

The current active parties to this action are:

**Plaintiffs:** Olmo Zucca and Jackson Lomastro, individuals residing in California.

**Defendant:** Samuel Awuku (professionally known as Sammy Soso), an individual residing in the United Kingdom.

## Key Documents and Evidence

Key documents and evidence concerning the main issues in this case include:

Complete royalty accounting ledgers, financial statements, distribution reports, and revenue summaries related to the subject musical work "Water."

Receipts and financial records of all payments, resources, and other supporting materials received by Plaintiffs relating to the Song.

Recordings of "Water", including earlier studio sessions leading up to the final cut of the song.

Publishing split agreements signed by the parties.

All agreements and writings evincing an agreement with Plaintiffs relating the Song.

Internal and external communications, including emails, text messages, and other correspondence between the parties regarding the creation, exploitation, and management of the subject musical compositions.

Contract drafts and executed agreements relating to the musical work.

Audio files, musical stems, and recording session documentation.

Financial records showing payments made to Plaintiffs and revenue generated by the musical work.

Registration documents with performing rights organizations and music publishers.

Plaintiffs' social media accounts and posts relevant to the Song.

Witness accounts of the making of the Song.

## **Damages**

Plaintiffs seek damages according to proof at trial, including but not limited to:

- Restitution of all revenues and royalties improperly withheld from Plaintiffs.
- Damages for unjust enrichment and quantum meruit.
- Compensatory damages for breach of implied contract and breach of the implied covenant of good faith and fair dealing.
- Punitive damages for fraudulent concealment and fraudulent inducement.
- Equitable relief, including a full accounting and imposition of a constructive trust.
- Attorneys' fees and costs as permitted by law.

Defendant denies Plaintiffs are entitled to any relief and seeks his costs and fees under any applicable law.

## **Insurance**

Defendant is not aware of any insurance coverage applicable to the claims asserted in this action.

## **Motions**

Plaintiffs do not currently anticipate filing any motions to add other parties or claims, amend pleadings, or transfer venue. Defendant has filed an Answer to the Complaint and reserves the right to file a motion to dismiss on the ground the Court

lacks personal jurisdiction and any other appropriate motions as the action progresses. The parties may file motions to compel should discovery disputes arise.

### Dispositive Motions

Plaintiffs anticipate filing a motion for summary judgment seeking declaratory relief on Plaintiffs' ownership and rights to the song, ".

Defendant anticipates filing a Motion for Summary Judgment following the completion or substantial completion of discovery.

### Manual for Complex Litigation

The parties do not believe that the procedures of the Manual for Complex Litigation are necessary or appropriate for this case at this time.

### Status of Discovery

Discovery has not yet commenced. The parties have agreed to exchange their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before July 17, 2026. The parties acknowledge their ongoing obligations to supplement these disclosures as required under Federal Rule of Civil Procedure 26(e). The parties anticipate taking discovery and depositions pursuant to the schedule set by the  Court. No discovery disputes have arisen to date, as the parties are in the initial stages of case preparation.

### Detialed Discovery Plan

**Rule 26(f)(3)(A)-** What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made?

The parties agree to adhere to the standards set forth in the Federal Rules of Civil Procedure and Local Rules for Initial Disclosures. Parties plan to exchange initial disclosures by July 17, 2026.

**Rule 26(f)(3)(B)-** The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

Plaintiff's subjects of discovery include but are not limited to:

-formation of the song "Water" by Tyla;

-Plaintiffs' contribution to the song, "Water" by Tyla;

-the projected economic value of the song "Water

Defendant intends to take discovery on topics that include but are not limited to: authorship, creation, and ownership of the Song; agreements regarding the Song; and payments and other compensation received by Plaintiffs related to the Song; Plaintiffs' alleged damages.

**Rule 26(f)(3)(C)-** any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

At this time, the parties reserve all rights under FRCP Rule 34 to request electronically stored information commensurate with the needs of the case as discovery is ongoing.

**Rule 26(f)(3)(D)-** any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A) and—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

The parties do not identify any issues about claims of privilege at this time. Discovery is ongoing and Plaintiffs reserve all rights under the Federal Rules.

**Rule 26(f)(3)(F)-** any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

Plaintiffs do not identify the need for additional orders at this time. Discovery is ongoing.

Defendant anticipates seeking an appropriate protective order to govern the exchange of information.

**Fact discovery Cut-off**

Plaintiffs' proposed fact discovery cut off is May 21, 2027.

**Expert discovery**

Parties propose an expert disclosure deadline of May 28, 2027.

Parties propose a rebuttal expert disclosure deadline of June 25, 2027.

Plaintiffs' proposed expert discovery cut off is July 30, 2027.

**Settlement conference: Alternative Dispute Resolution (ADR)**

Parties have engaged in some initial settlement discussions. Pursuant to Local Rule 16-15.2 and the Court's Standing Order, counsel have discussed the Central District's Court-Directed ADR Program with their respective clients. The parties state their preferred selection as follows:

**Plaintiffs' Selection:** Plaintiffs' first preference is for Private Mediation. Plaintiffs prefer to mediate privately but are also open to participating in a settlement conference with the Magistrate Judge or Court Mediation Panel pending Defendant's preference.

**Defendant's Selection**: Magistrate Judge.

**Deadline:** The parties propose that ADR be concluded on or before September 10, 2027.

**Trial Estimate:**

The parties request a jury trial. The estimated length of trial is three to five (3-5) days.

**Trial Counsel**

The attorneys who will try the case are:

**For Plaintiffs:** Dev Das, Esq., The Das Firm, APC, 644 S. Figueroa Street, Los Angeles, CA 90017. Telephone: (248) 943-4828. Email: dev@thedasfirm.com.

**For Defendant:** Nathaniel L. Bach, Esq. and Andrea D. Gonzalez, Esq., Manatt, Phelps & Phillips, LLP, 2049 Century Park East, Suite 1700, Los Angeles, California 90067. Telephone: (310) 312-4000. Email: NBach@manatt.com.

**Independent Expert or Master**

Not anticipated.

**Schedule Worsksheet**

A scheduling worksheet is attached as Exhibit A to this joint report.

**Other Issues**

This is an international case, with key witnesses and the defendant domiciled in foreign countries. The Defendant, Mr. Awuku, currently resides in the United Kingdom. Tyla Seethal, formerly a defendant in this case, whom Plaintiffs assert may be a witness, resides in South Africa.

By: _____/s/ Dev Das_____

Dev Deep Das

Attorney for Plaintiff Olmo Zucca and Jackson Lomastro

Dated:        June 01, 2026        MANATT, PHELPS & PHILLIPS, LLP

By: /s/ *Nathaniel L. Bach*
Nathaniel L. Bach

*Attorneys for Defendant*
SAMUEL AWUKU

# EXHIBIT A

**PROOF OF SERVICE**

OLMO ZUCCA v SAMUEL AWUKU

(Case No. 2:25-cv-06807-CV-SSC )

**PROOF OF SERVICE**

**UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 644 S. Figueroa Street, Los Angeles, CA 90017.

On **01 June, 2026**, I served the foregoing document(s) described as:

1. **JOINT RULE 26(f) REPORT**
2. **STANDARD SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

on the interested parties in this action by transmitting a true and correct copy thereof via electronic mail to the person(s) at the email address(es) set forth below:

Nathaniel L. Bach, Esq. **(NBach@manatt.com)**
Andrea D. Gonzalez, Esq.
MANATT, PHELPS & PHILLIPS, LLP
2049 Century Park East, Suite 1700
Los Angeles, California 90067
Attorneys for Defendant Samuel Awuku

☑**By Electronic Submission.** Pursuant to California Code of Civil Procedure §1010.6(e)(1), I served a true copy of the aforementioned document(s) via electronic mail on the parties in said action by transmitting by email to the email address(es) as set forth above on this date. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after submission. I declare under penalty of perjury under the laws of the State of California that the above is true and correct, and that this declaration was executed on June 1, 2026.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 01 June, 2026 at Los Angeles, California.

___/s/ Dev Das_____
Dev Das

JOINT RULE 26(f) REPORT

**STANDARD SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.
The parties must make every effort to agree on dates or the Court will set them.

| Case No. 2:25-cv-06807-CV-SSC | Case Name: Olmo Zucca v SAMUEL AWUKU | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** |
| Check one:  ☒ Jury Trial  or  ☐ Bench Trial<br>[Tuesday at 9:00 a.m. within 13–16 months of Scheduling Conference]<br>Estimated Duration: _____ Days | | 11/09/2027 | 11/09/2027 |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions in Limine<br>[Friday at 1:30 p.m. at least 17 days before trial] | | 10/15/2027 | 10/15/2027 |
| **Event**<br>Note: Hearings shall be on Fridays at 1:30 p.m.<br>Other dates can be any day of the week. | **Time Computation** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** |
| Last Date to Hear Motion to Amend Pleadings or Add Parties [Friday] | 91 days after scheduling conference | 09/04/2026 | 09/04/2026 |
| Fact Discovery Cut-Off [Friday]<br>(no later than deadline for filing dispositive motion) | 21 weeks before FPTC | 05/21/2027 | 05/21/2027 |
| Expert Disclosure (Initial) | 20 weeks before FPTC | 05/28/2027 | 05/28/2027 |
| Expert Disclosure (Rebuttal) | 18 weeks before FPTC | 06/25/2027 | 06/25/2027 |
| Expert Discovery Cut-Off | 16 weeks before FPTC | 06/30/2027 | 06/30/2027 |
| Last Date to Hear Motions [Friday]<br>• Joint Brief due at least 28 days before hearing<br>• Supplemental Memoranda (if any) due 14 days before hearing | 9 weeks before FPTC | 08/13/2027 | 08/13/2027 |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>Select one:  ☐ 1. Magistrate Judge (with Court approval)<br>☐ 2. Court Mediation Panel<br>☒ 3. Private Mediation | 5 weeks before FPTC | 09/10/2027 | 09/10/2027 |
| Trial Filings (first round) [Friday]<br>• Motions in Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations Containing Direct Testimony, if ordered (bench trial only) | 4 weeks before FPTC | 09/17/2027 | 09/17/2027 |
| Trial Filings (second round) [Friday]<br>• Oppositions to Motions in Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint Agreed Upon Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | 2 weeks before FPTC | 10/01/2027 | 10/01/2027 |

Rev. 3/31/25